# JUNE, 1907.

## GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. JOHN QUINN.

### No. 1723.　Decided June 5, 1907.

**Statement of Facts—Stenographer's Report—Appointment.**

The verity of a stenographer's report to take the place of a statement of facts upon appeal is assured by the approval of the judge made after the parties have examined and been heard upon it, and not by the regularity of the stenographer's appointment, which is not open to question in determining whether the report shall be considered on appeal. (Pp. 613, 614.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Medina County.

Quinn sued the railway company and recovered judgment. It was affirmed on appeal by defendant, who thereupon obtained writ of error.

*Baker, Botts, Parker & Garwood* and *W. B. Garrett,* for plaintiff in error.

*H. C. Carter* and *Perry J. Lewis,* for defendant in error.

WILLIAMS, ASSOCIATE JUSTICE.—The Court of Civil Appeals refused to consider the stenographer's transcript of evidence sent up with the record in lieu of a statement of facts, on the ground that it was not made by an official stenographer, but by one appointed by the trial court for the particular case. This led to an affirmance, from which this writ of error is prosecuted.

It appears that before the trial below, there being no official stenographer for the district, the parties agreed on H. S. Churchill as one competent to report the trial, and he was appointed by the court and sworn for the purpose. He kept a record of the proceedings and made duplicate transcripts thereof in longhand, in accordance with the Act of 1905 regulating the duties of official stenographers, and certified to their correctness. To the one sent up with the appeal, besides his certificate, there was one by the trial judge stating the facts as to the ap-

pointment of the stenographer, certifying that it had been examined and approved by the parties, and that, after examining, he approved it in all things, and ordering that it be filed by the clerk and transmitted to the Court of Civil Appeals along with the record.

The facts leave no doubt that the proceedings were had under the Act of 1905, and were intended as a compliance with its provisions, and exclude the contention of counsel for defendant in error that the court merely followed article 1295 of the Revised Statutes, which provides that the court may, and, upon the demand of either party, shall appoint a stenographer, or some competent person to take down the testimony in a case. That article provides for nothing further to be done with the record kept by such person, and gives no effect to it. Evidently it was intended merely for reference in further proceedings. The Act of 1905 provides for the doing by the official stenographer and the court of the very things that were done in this case, and the following of those provisions unmistakably shows that the purpose was to comply with that statute. The question therefore is, whether or not the manner in which a stenographer for such purposes has been constituted is material in the hearing of the appeal. If so, it would follow that the regularity of the appointment might be brought in question in every appeal depending upon such a record. We think this was never intended. The considerations that should be controlling are that the Legislature has sanctioned the use of such a transcript of the proceedings in the place of the old statement of facts and bills of exceptions, and that the verity of such transcript is assured by the approval of the judge made after the parties have examined and been heard upon it. No question in such cases should arise as to the proceedings appointing and constituting the stenographer. As the statute contemplates that the official stenographers provided for shall act in all cases in the district until removed by the judge, it intends that their competency shall be tested by the examination required, but it is not by these provisions, but by the others before referred to, that the verity of reports of proceedings in cases is to be established for the purposes of the appeal. From the provision that deputies may, at any time, be appointed with the consent of the court, it appears that a report of the proceedings by the examined stenographer is not deemed essential to its use in lieu of a statement of facts. All appointees hold during the pleasure of the court, and, from all the provisions together, the control over the entire subject given to the judge seems to be so complete as to comprehend the power to take such action as was taken in this case; but whether that action was entirely regular or not, a report of the proceedings, such as the statute permits to be used, was obtained, and, as we have already said, the manner of the selection of the stenographer is not now material.

We therefore conclude that the Court of Civil Appeals erred in rejecting the report, and its judgment will be reversed, and the cause remanded to that court for further consideration.